IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


MARVIN LEWIS, JR.,

    Plaintiff,

v.                              CASE NO. 4:16cv202-RH/CAS

FLORIDA DEPARTMENT OF BUSINESS
AND PROFESSIONAL REGULATION,

    Defendant.

_____/


## ORDER DENYING THE MOTION TO DISMISS


    This is an employment-discrimination case. The plaintiff employee alleges that he suffered discrimination based on his race and disability, that he was fired in retaliation for complaining of the discrimination, and that the firing also violated the Florida public-whistleblower statute. The defendant employer has moved to dismiss the disability, retaliation, and whistleblower claims for failure to state a claim on which relief can be granted. This order denies the motion.

I

The Supreme Court has set out the standards governing a motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, *supra*, at 555-556 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court must accept the complaint's allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

A complaint thus "does not need detailed factual allegations." *Id*. Nor must a complaint allege with precision all the elements of a cause of action. *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action alone sufficient. A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id*. at 557. The

complaint must set out facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14.

A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). This is so because

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id*. at 678-79.

II

Based on these principles, the plaintiff in an employment-discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination or retaliation, or (2) sufficient to show, or at least support an inference, that the plaintiff can make out a prima facie case under the familiar burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *See*, *e.g.*, *Ansley v. Fla., Dep't of Revenue*, No. 4:09cv161-RH/WCS, 2009 WL 1973548 (N.D. Fla. July 8, 2009) (adopting this standard). Here the amended complaint is sufficient.

III

The amended complaint includes the following allegations. The plaintiff Marvin Lewis, Jr. began work for the defendant Florida Department of Business and Professional Regulation in February 2014. He suffered back and neck injuries in a car crash in April 2014. This left him with a disability. He needed a chair that would accommodate his injuries, but the Department was slow to provide one. On December 30, 2014, he delivered a letter to a Department official complaining of discrimination, mismanagement, and misfeasance. Mr. Lewis was fired just nine days later, on January 8, 2015, without cause.

The Department says the December 30 letter—which it has proffered in support of the motion to dismiss—did not include complaints protected by the whistleblower statute. But the statute is broadly construed. A jury could find the letter protected.

The Department also says the firing was in the works before December 30, and the Department proffers documents it says show this. But those documents cannot properly be considered on the motion to dismiss, and in any event, the Department does not assert that the firing was in the works before Mr. Lewis injured his back and neck.

One of course cannot know, based only on the amended complaint or even based on the Department's proffered documents, which side is right on the facts.

Even after *Twombly* and *Iqbal*, a district court cannot properly resolve a factual dispute based only on a review of the complaint. Instead, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant County Narcotics and Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993).

IV

For these reasons,

IT IS ORDERED:

The defendant's motion to dismiss, ECF No. 8, is DENIED.

SO ORDERED on May 25, 2016.

                                        s/Robert L. Hinkle
                                        United States District Judge